**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

COLIN BEN,

     Plaintiff,

v.                                        Civil No. 03-0019 WJ/WDS

TRADEWIND CONSTRUCTION
COMPANY, INC., and FT. LEWIS
COLLEGE, Jointly and Individually,

     Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

THIS MATTER comes before the Court pursuant to Defendant Tradewind Construction

Company, Inc.'s Motion to Dismiss Plaintiff's Complaint for Negligence and Money Damages for

Lack of Personal Jurisdiction [Docket No. 4].  Having reviewed the motion and briefs of the

parties and being fully advised on the law, I conclude that this Court lacks jurisdiction over the

person of the Defendant and further discovery would not assist Plaintiff in obtaining personal

jurisdiction over the Defendant.

**BACKGROUND AND DISCUSSION**

Plaintiff's Complaint alleges he was injured as a result of Defendant's negligence.  Plaintiff

was injured on or about April 18, 2000 near a construction site on the Ft. Lewis College campus

in Durango, Colorado.  Plaintiff filed his Complaint in the United States District Court, District of

New Mexico on January 6, 2003.[1]  The Complaint alleges that this Court has subject matter jurisdiction of the case based on diversity of citizenship under 28 U.S.C. § 1332.  Defendant Tradewind Construction Company, Inc. (Tradewind) has entered a special appearance to challenge this Court's exercise of personal jurisdiction over it.

To obtain personal jurisdiction in a diversity action, Plaintiff must show that jurisdiction is legitimate under the laws of the forum state and the exercise of jurisdiction is consistent with due process limitations.  Kuenzle v. HTM Sport-Und Freizeitgerate AG, 102 F.3d 453, 455 (10th Cir. 1996).  When issues arise as to jurisdiction, discovery should be made available on factual issues raised with regard to jurisdiction.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978).  A refusal to grant discovery is an abuse of discretion if the denial results in prejudice to a litigant. Sizova v. Nat. Inst. of Standards & Tech., 282 F.3d 1320 (10th Cir. 2002).  However, it is not error to deny discovery when there is no issue of material fact and the lack of personal jurisdiction is clear.  Wyatt v. Kaplan, 686 F.2d 276 (5th Cir. 1982).

The relevant portions of the New Mexico long-arm statute provide that:

  A.   Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:
  (1)   the transaction of any business within this state;
  . . .
  (4)   the contracting to insure any person, property or risk located within this state at the time of contracting;
  . . .

---

[1]Defendant notes that the Complaint was filed after the Colorado two year statute of limitation for such actions had expired but within the New Mexico three year statute of limitations.  Plaintiff points out that the statute of limitation issue should not be considered by the Court in ruling on Defendant's motion.  Plaintiff is correct.  Plaintiff's motive in choosing a New Mexico forum is not relevant to the issue of this Court's jurisdiction over Defendant.

C.   Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this section.

N.M. Stat. Ann. 1978 § 38-1-16.

Plaintiff's Response to Defendant's motion asserts that personal jurisdiction over Tradewind is legitimate under New Mexico state law pursuant to Section 38-1-16(A)(4).  Plaintiff argues that Tradewind likely had insurance coverage on its construction project in Colorado to cover injuries arising from the project, that covered injuries included those incurred by persons on the Ft. Lewis College campus, and that persons on the Ft. Lewis College campus would include persons from New Mexico and other states.  Plaintiff then seeks further discovery with regard to any insurance coverage Tradewind acquired for the construction project on the Ft. Lewis College campus.

New Mexico state courts have not interpreted Section 38-1-16(A)(4).  However, the Supreme Court of New Mexico has deemed Illinois cases on long-arm jurisdiction as persuasive authority because the New Mexico long-arm statute was adopted directly from Illinois. Customwood Mfg., Inc. v. Downey Constr. Co., Inc., 691 P.2d 57, 59 (N.M. 1984); Blount v. T D Publishing Corp., 423 P.2d 421, 425 (N.M. 1966).  The Illinois Appellate Court determined that the subsection of the Illinois long-arm statute permitting the exercise of jurisdiction over a party contracting to insure any person, property or risk located within the state at the time of contracting was intended to facilitate the state's interest in regulating the insurance industry.  Kerr v. Conrail, 430 N.E.2d 627, 630 (Ill. App. 1981).  The court noted that, at the time the statutory provision was adopted, the Illinois legislature expressed concern that residents of Illinois holding insurance policies with companies not authorized to do business in Illinois often had great

3

difficulty enforcing their legal rights under such policies because they could not obtain personal jurisdiction in Illinois.  Id.  The United States Supreme Court recognized that a similar statute in California was intended to permit suit in a California court against a foreign insurance company when the insurance company had an insurance contract with a California resident.  See McGee v. Int'l Life Ins. Co., 355 U.S. 220 (1957).

Here, Plaintiff does not allege that Tradewind contracted to insure a risk located in New Mexico.  Plaintiff acknowledges that the risk, the construction site, was located in Colorado. Even if insurance on the construction site included coverage for injuries to bystanders, it does not follow that any jurisdiction in which a bystander claims citizenship would have personal jurisdiction over Tradewind.  As Plaintiff points out, the Ft. Lewis College Campus likely has students from many states other than Colorado and possibly even students from foreign countries. Under Plaintiff's theory, any student injured as a result of Tradewind's construction site could return to his or her home in New Mexico, New York, or even New Guinea and force Tradewind to litigate his or her claim for damages.  Such a result is absurd.  It is clear that the New Mexico long-arm statute does not provide for the exercise of personal jurisdiction under the contracts for the construction site will change this result.

Even if the exercise of personal jurisdiction over Tradewind was legitimate under state law, it would not be consistent with due process standards.  There is no indication or allegation that Tradewind has had any contacts with New Mexico much less the required "minimum contacts."  See Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985); Worldwide Volkswagen Corp. v. Woodsen, 444 U.S. 286 (1980).  Plaintiff asserts that the contact between Tradewind and Plaintiff in Colorado at the time of the injury was sufficient to meet the minimum contacts test

because Plaintiff is a New Mexico resident.  This is not sufficient to show that Tradewind purposefully availed itself of the protection and benefits of the laws of the State of New Mexico such that it should have reasonably anticipated being haled into court in New Mexico.  See Burger King Corp., 471 U.S. at 473-76; Worldwide Volkswagen Corp., 444 U.S. at 297.

There is no disputed issue of fact with regard to any insurance contract that could affect the outcome of the state law analysis or the due process analysis.  The lack of personal jurisdiction on the basis of any insurance Tradewind may have obtained on its construction site is clear.  Thus, it is not an abuse of this Court's discretion to deny Plaintiff's request for discovery on the issue of Tradewind's insurance contracts.

Plaintiff argues that, while he does not allege that Tradewind has transacted any business in New Mexico, discovery on the extent of Tradewind's business might lead to information that could become the basis of the Court's jurisdiction under Section 38-1-16(A)(1).  Thus, Plaintiff seeks to engage in a fishing expedition based on speculation.  See Koch v. Koch Indus., Inc., 203 F.3d 1202, 1238 (10th Cir. 2000).  A denial of discovery on the issue of jurisdiction is not an abuse of discretion when there is an absence of specific and nonspeculative allegations with regard to jurisdiction.  See Edmond v. U. S. Postal Service General Counsel, 949 F.2d 415, 426 (D.C. Cir. 1991).  Thus, Plaintiff is not entitled to discovery on the issue of whether Tradewind has ever transacted any business in the State of New Mexico.[2]

**CONCLUSION**

---

[2]Even if Plaintiff could find evidence that Tradewind had transacted business in New Mexico on some occasion, the New Mexico long-arm statute requires that the cause of action arise from the transaction of business.  N.M. Stat. Ann. 1978 § 38-1-16(C).  Plaintiff does not even speculate that his injuries arose from any transaction of business in New Mexico by Tradewind.

IT IS THEREFORE ORDERED that Defendant Tradewind Construction Company, Inc.'s Motion to Dismiss Plaintiff's Complaint for Negligence and Money Damages for Lack of Personal Jurisdiction [Docket No. 4] is hereby GRANTED and this matter is DISMISSED WITHOUT PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE